Mary B. Christian, by Wm. C. Scott, executor of the last will and testament of said Mary B. Christian, *v.* Commercial Ice Company, Appellant.

*Negligence—Streets—Reciprocal duties of pedestrians and vehicles.*

Pedestrians and drivers of vehicles are charged with reciprocal duties of vigilant care toward each other in the use of the city street and especially at the crossings.

The degree of care demanded to exonerate from negligence in regard to a collision in a city street is that care which would be expected under the circumstances from a prudent and sensible person.

*Negligence—Question for jury.*

Where the evidence is conflicting as to the negligence of one or both parties to a collision in a city street the case is for the jury under proper instructions from the court.

Argued Dec. 16, 1896. Appeal, No. 71, Nov. T., 1896, by defendant from judgment of C. P. No. 1, Phila. Co., Dec. T., 1893, No. 698, on verdict for plaintiff. Before WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Trespass for personal injuries to plaintiff. Before BRÉGY, J.

There was evidence tending to show that on the day of the accident plaintiff was standing on the southwest corner of 13th and Walnut streets with a very large umbrella over her head, that before attempting to cross the street she looked up and down the same. The 13th street car at that moment coming north over the south foot-crossing waited for the passage of a 19th street car on Walnut, there being four or five wagons, some of them covered, immediately in the rear of the 13th street car. The driver of one of the wagons of the defendant company saw plaintiff standing on pavement at corner and noticed as he jumped into his wagon one hundred and twenty feet south of Walnut, on the cartway east of the railway track, that the 13th street car was a car and a half length north of him, and that the procession of wagons between him and the west pavement followed it until it stopped as described. This driver saw plaintiff step unto the foot-crossing and supposed that she

availed herself of the opportunity to get into the car, until upon his arrival within ten feet of the foot-crossing on the south side of Walnut street when he saw the umbrella coming in front of the first wagon that followed the car, the cover of that wagon intervening between him and the plaintiff until she got upon the foot-crossing between the tracks. He then did all that was possible to bring his horses to a full stop and succeeded in doing so after they had gotten their heads past the foot-crossing which was four feet wide at that place. He swore that when he called to plaintiff to look out she started quickly to cross in front of his horses and struck the near horse on the ear or head with her umbrella, which caused him to shy and strike her either with the collar or the pole, so that she was thrown over towards the rail upon the street.

The plaintiff's evidence tended to show that Miss Christian, the plaintiff, looked up and down the street to see if it was clear of obstructions, and after the passenger car had passed the foot-way she then crossed and had then proceeded over the footway and over the railway track and was about to go on her way to the east side when the horses of the ice wagon were carelessly driven against her and she was knocked down and her arm broken and her body bruised. Plaintiff could not see the ice wagon until she had got on the car track. The ice wagon was proceeding at a jog trot and does not appear to have been equipped with a very efficient brake. The plaintiff having an umbrella over her head it does not appear that she looked up and down the street after passing the line of wagons on the track, but if she did, she decided to go on in face of the wagon ten feet distant and moving at a trot.

The defendant submitted, inter alia, two points,—one, that there is no evidence of defendant's negligence; second, that under all the evidence in the case the verdict must be for the defendant, which were refused by the trial judge, he leaving the questions of negligence and contributory negligence to the jury in a charge which is sufficiently quoted in the opinion of the Superior Court.

Verdict for plaintiff for $728. Defendant appealed.

*Errors assigned* were, (1, 2) refusal of defendant's points.

*Howard W. Page*, with him *S. Davis Page*, for appellant.—
The defendant's points should have been affirmed: Baker v.
Fehr, 97 Pa. 71 ; Harris v. Ice Co., 153 Pa. 278.

The testimony of the driver, McFadden, was clearly to the
point that she did not look at all, but on the contrary, so soon
as he called to her to look out, she pulled the umbrella down
over her face and started quickly in front of his horses.   It was
obligatory upon Miss Christian to look and listen before stepping
from the car track into the cartway, and as she was struck by
the defendant's team the moment that she stepped from the
place of safety, the presumption must necessarily be that she
did not look, even had she or anyone else sworn that she had :
Harris v. Ice Co., 153 Pa.  278 ; Carson v. Federal Street Ry.
Co., 147 Pa. 219, 224 ; Buzby v. Phila. Traction Co., 126 Pa.
559 ; Marland v. Pa. R. R. Co., 123 Pa. 487 ; R. R. Co. v. Bell,
122 Pa. 58 ; Moore v. R. R. Co., 108 Pa. 349 ; Holden v. R. R.
Co., 169 Pa. 1.

The question of the proper place to stop, look and listen, and
the action of the party in regard to it, are usually for the jury,
but there are exceptions where the inference from admitted
facts is clear, and it becomes the duty of the court to declare
the law as a result: Hughes v. Canal Co., 176 Pa. 254.

*E. Hunn Hanson*, for appellee.—No case has decided that the
rule to stop, look and listen is to be applied to the duty of one
crossing a city passenger track in a street, and while it is doubt-
less the duty of one walking the streets of a city to exercise
unremitting care and attention that danger be not encoun-
tered, there has been judicially determined in this connection
no unbending standard: Harris v. Ice Co., 153 Pa. 278.

The question of negligence of the defendant and of contribu-
tory negligence of the plaintiff was properly one for the jury,
and was submitted to them in a fair and impartial charge, with
proper instructions under rules governing the case.

OPINION BY ORLADY, J., January 18, 1897 :

Mary B. Christian, aged over eighty years, was injured by a
team of the defendant company, at the intersection of Thirteenth
and Walnut streets in Philadelphia.   The old lady was going
east along the south side of Walnut street, and when at the west

curb of Thirteenth street, stopped to allow a street car to pass north; immediately behind the car, on the tracks, a number of wagons were going in the same direction. Between the line of wagons and the eastern curb of Thirteenth street, in what is called a cart or wagon way, was the defendant's wagon, going north.

When the street car stopped, Miss Christian stepped from the curb to cross Thirteenth street; passed on the crossing between the rear of the car and the wagon following it, and when in the act of passing from the car rails to the eastern side of Thirteenth street, was struck by the pole of the wagon and sustained injuries, which have been measured in a verdict of $728.

Miss Christian died from other causes prior to the trial, and plaintiff's proof was adduced through a disinterested eye witness, who detailed the facts producing the injury, and after the accident expostulated with the driver for driving at such a rate of speed in a crowded part of the city as he had morning after morning been doing, and received in reply the driver's idea of right and duty, "that people had no business to go across when wagons were going across, that he had a perfect right to drive as he wished, and did not care for anybody at all."

The driver was called by the defendant and testified that at the time of the accident, three covered wagons and a couple without covers followed the car; that he saw Miss Christian step down from the curb stone, but thought she intended to get on the car; that he was driving at a jog trot and didn't stop, and "saw her umbrella coming between the car and the covered wagon and halloed 'look out there.' I was about ten feet away from the crossing, and the brake wasn't such an extra good brake at the time, and I first put it down as far as I could. I stopped the team and knocked her down."

Defendant submitted as points, "There is no evidence of defendant's negligence in this case, as ought reasonably to satisfy you thereof, and therefore I instruct you upon the whole case, your verdict should be for the defendant." And "Under all the evidence in the case the verdict must be for the defendant," which were refused by the learned trial judge, and in the general charge the jury were told, "By negligence is meant the failure to perform the duty which the occasion requires. Let me say to you, that there is a joint duty upon the driver of

the wagon and the pedestrian upon the street; that as the one attempts to cross a highway, and the other drives near the flagstone, which is the usual and ordinary place for people to cross, it is the duty of both of them to remember that cars and wagons may be going up or down the street—the driver to remember that pedestrians may be there crossing the street. I do not say to you as a matter of law that if she saw a wagon or car coming, she could not cross, because in these days, in many parts of the city if that rule were to be enforced, a person could never cross; but you are to say whether if she had looked, she would have seen a condition of affairs to justify a prudent person in crossing or attempting to cross that street. If such was the condition, then she was not negligent in attempting to cross." "Further, if a pedestrian attempts to cross a street and gets part way across, and is stopped by a block of cars or wagons, and that block is removed, and there is again an opportunity to cross, they must again observe whether the condition has changed, or whether it is safe that they should go on. And by safe, I do not mean absolutely safe from all injury, but I mean whether it is safe in the ordinary sense of that word,— whether a prudent and sensible person would be justified in attempting to cross a highway at a public crossing. It was the duty of the driver to approach the street crossing, recognizing the fact that people might attempt to cross at that street, and therefore it was his duty to have his team in such a condition, that if the occasion required he would be able to stop it. If you find that this accident happened as a result of both people being negligent, that is neither nor both sides did not do what they ought to have done, as I have defined it to you, then there can be no recovery. The law is that if there was joint negligence on the part of the plaintiff and defendant, there can be no recovery. There can be no verdict for the plaintiff except you find as a fact from the evidence, that the accident or the injury was caused by the negligence of the defendant alone." The foregoing is quoted as a correct declaration of the law. When Miss Christian stopped and looked at the western curb of 13th street, she saw in front of her the crossing she intended to use, free for pedestrians, with a covered wagon halted south of it, and behind that wagon a number of others in the car tracks. She acted on the invitation of the driver of the cov-

ered wagon to occupy the crossing, and did so in a careful, prudent manner. She could not see the ice wagon until she had passed over the car track.   At this point it would be more dangerous for her to return than advance, as the ice wagon was ten feet distant.   Her effort was natural and the right thing to do.   It was an emergency and she acted with prudence.   The driver of the ice wagon saw the car stop, and assumed that she got on the car.   There was more reason for him to think she would pass on across 13th street, as the driver on the covered wagon on the car track had not started to occupy the crossing. Instead of approaching the crossing with care until he could see whether this old lady was on the street or not, he recklessly kept his unwieldy team at a jog trot with knowledge of the defective brake, and was the sole cause of the injury; acting out the thought expressed to the person protesting against his conduct at the time,—"he had a perfect right to drive as he wished, and did not care for anybody at all."

The case was carefully tried, the facts properly submitted, and the law correctly stated to the jury.

The judgment is affirmed.