# Mary B. Kleinert *v.* Catharine A. Rees and P. Ashman Rees, trading as Delaware Ice & Coal Co., Appellants.

*Negligence—Duty of driver approaching crossing—Question for jury.*

It is the duty of drivers of wagons to approach street crossings, recognizing the fact that people may attempt to cross at that street, and it therefore becomes a duty to have the team in such condition as to be able to stop it.

· A driver of an ice wagon turned so suddenly from Arch to Juniper street that the near horse struck a woman just stepping from the curb upon the crossing. The evidence of negligence was clear and abundant, although to some extent denied. *Held,* that the question of negligence was properly left to the jury.

Argued Oct. 21, 1897. Appeal, No. 53, Oct. T., 1897, by defendants from judgment of C. P. No. 1, Phila. Co., June T., 1894, No. 450, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and PORTER, JJ. Affirmed.

Trespass for personal injuries. Before BRÉGY, J.

It appears from the evidence that plaintiff was walking on Juniper street in the city of Philadelphia which runs north and south, east of Broad street, and is twenty-eight feet in width, having seven feet wide sidewalks on each side and a road bed fourteen feet in width. Arch street runs east and west at right angles with Juniper street, and is of the width of seventy-two feet, having sidewalks on each side of eighteen feet and a roadbed of thirty-six feet. On Arch street there are constructed two passenger railway tracks occupying thirteen feet ten and a half inches in the center of the street. The plaintiff was on the east side of Juniper street between Arch and Filbert streets, intending to take a car on Arch street going west on the north track. Defendants' ice wagon with two horses attached was on the south track on Arch street going east from Broad, and was turned into Juniper street, and the plaintiff, as she stepped off the sidewalk of Juniper street, was struck by one of the horses and was knocked down and trodden upon.

There was evidence tending to show that plaintiff saw the wagon coming down Arch street but supposed, from its speed,

that it intended to go east past Juniper street. The court left the question of contributory negligence and defendants' negligence to the jury.

Mary Kleinert and her husband, George J. Kleinert, brought separate suits, but these two actions were consolidated under the act of May 18, 1895, and tried as one, and two verdicts rendered.

Verdict and judgment for Mary B. Kleinert for $1,000.

Verdict and judgment for George J. Kleinert for $300. Defendants appealed.

*Error assigned* was in declining defendants' sixth and last point, which point and answer thereto are as follows: "There is no such evidence of negligence in this case as ought reasonably to satisfy you thereof, and therefore I instruct you on the whole case—your verdict should be for the defendants. *Answer:* The last point I decline."

*James Alcorn,* for appellants.—The circumstances of this case indicate contributory negligence on the part of the plaintiff. The case is very similar to Houser v. Railroad Co., 147 Pa. 440. See also Carson v. Railroad, 147 Pa. 219; Holden v. Railroad, 169 Pa. 1; Funk v. Traction Co., 175 Pa. 559; Waters v. Wing, 59 Pa. 211; Marland v. Railroad, 123 Pa. 487.

*Charles A. Chase,* for appellee.—Relied upon Christian v. Ice Co., 3 Pa. Superior Ct. 320; Bodge v. City, 167 Pa. 492.

OPINION BY BEAVER, J., February 19, 1898:

No fault is found with the manner in which the facts of this case were submitted to the jury, if there were any facts to be submitted. The court below was asked to say in a point submitted by the appellants: "There is no such evidence of neglect in this case as ought reasonably to satisfy you thereof and, therefore, I instruct you, on the whole case, your verdict should be for the defendants," which was declined.

The wagon of the defendants was being driven rapidly; so rapidly that the witness, Mrs. Young, says: "I knew it was a heavy wagon coming down the street and judged it was a runaway." As to this the testimony of the plaintiff and the only

other living eye-witness of the accident who was called is clear. The turn into Juniper street was made unexpectedly and sharply; the plaintiff supposed the wagon was to continue its course down Arch street. The accident occurred at the curb either just as she stepped down from the pavement on to the street or was attempting to step back from the street to the pavement. It is immaterial which. The significant fact is that she was struck by the near horse, that is the horse on the left side, at the curb, which would clearly indicate that the turn from Arch street was made so hurriedly that the driver was unable to bring his horse in to the middle of Juniper street at the crossing.

No effort was made to stop the wagon. The driver says: " I hollered and she seen the peril she was in and backed back and fell as the horse hit her—the horse on the near side." It is evident that the driver saw the peril as soon as the plaintiff. He made no effort to stop the horses before the accident, and yet he did stop them as soon as it happened.

As we said in Christian v. Commercial Ice Co., 3 Pa. Superior Ct. 320, " It was the duty of the driver to approach the street crossing recognizing the fact that people might attempt to cross at that street and, therefore, it was his duty to have his team in such a condition that, if the occasion required, he would be able to stop it." If his team was in such a condition as would enable him to stop it, it was his duty to do so. If it was not, it was a plain violation of his duty to pedestrians. In either case it was negligence. The evidence of negligence was clear and abundant, although to some extent denied. It was for the jury to say whose testimony was the more worthy of credence. It would have been manifest error for the court to have affirmed the defendants' point.

The judgment is affirmed.