# Gallagher *v.* Kahn, Appellant.

*Negligence—Pedestrian on street—Cab.*

A pedestrian started to cross a street at a regular crossing. Two street railway tracks were on the street. He walked one-third of the way across and stopped to let a car on the far track pass. Then before starting he looked and saw another car approaching from the same direction and seeing nothing else to hinder, he continued, and when about halfway· between the farthest track and the curb line which he was approaching, he was knocked down and run over by a cab driven at a high rate of speed. The cab came from the same direction as the two cars. Plaintiff testified that he was looking straight ahead of him, as he walked across the street, but that his line of vision took in as much as twenty feet on each side of him. *Held,* that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 6, 1909. Appeal, No. 190, Jan. T., 1908, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1902, No. 2,836, on verdict for plaintiff in case of William C. Gallagher v. Samuel M. Kahn, trading as the Standard Cab Stables. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $9,500 on which judgment was entered for $6,000, all above that amount having been remitted.

*Error assigned* was in submitting the case to the jury.

*Frank P. Prichard,* with him· *James Wilson Bayard,* for appellant, cited: Harris v. Commercial Ice Co., 153 Pa. 278; Boring v. Union Traction Co., 211 Pa. 594; Walsh v. R. R. Co., 222 Pa. 162; Piatt v. Rys. Co., 219 Pa. 583.

*George J. Edwards, Jr.,* with him *Frederick G. Dussoulas,* for appellee.—That the facts of the present case present a clear question for the jury is shown by the following authorities: Schmidt v. McGill, 120 Pa. 405; Schwartz v. Brahm, 130 Pa.

411; Bodge v. Philadelphia, 167 Pa. 492; Streitfeld v. Shoe-
maker, 185 Pa. 265; Christian v. Ice Co., 3 Pa. Superior Ct.
320; Stringer v. Frost, 116 Ind. 477 (19 N. E. Repr. 331);
Hennessey v. Taylor, 189 Mass. 583 (76 N. E. Repr. 224); Neff
v. Wellesley, 148 Mass. 487 (20 N. E. Repr. 111).

OPINION BY MR. JUSTICE POTTER, March 1, 1909:

The question in this case, as stated by counsel for appellant,
is, whether the circumstances under which a cab and a pedes-
trian came into collision at a street crossing, showed such con-
tributory negligence on the part of the pedestrian as to prevent
his recovery, and required the court to say so, as matter of law.

According to the testimony of the plaintiff he was, just pre-
vious to the accident, walking southwardly on the east side of
Sixteenth street, and when about to cross Market street, he
saw a car coming eastwardly on Market. He walked one-third
of the way over Market street, stopped to let the car pass, then
before starting looked and saw another car approaching, but
at the time west of Sixteenth street, and seeing nothing else to
hinder he continued on his way across Market street. When
about halfway between the east-bound track and the south
curb line, he was knocked down and run over by a cab coming
from the west at a high rate of speed. There was ample evi-
dence to show gross negligence upon the part of the cab driver.
The plaintiff testified that he did not see the cab, until it was
right upon him. Counsel for appellant contend that he must
have been guilty of contributory negligence in not seeing, and
avoiding it. That may possibly have been true as a matter of
fact although the jury did not agree with the contention; but
we do not see that the court would have been justified in so
holding, as matter of law.

In order to safeguard himself while crossing the street, the
plaintiff was under the need of looking in more than one direc-
tion. Cars and vehicles of all kinds were liable to pass either
way. He was bound to avoid collision with other pedestrians
if any were there, and to keep a reasonable lookout for obstruc-
tions of any kind in the street. Nor was he bound to foresee
that a cab would come down upon him at the regular street

crossing at an unusual rate of speed. It was only the ordinary conditions of the street traffic that he was bound to anticipate. Plaintiff said that he was looking straight ahead of him as he walked across the street, but that his line of vision took in as much as twenty feet on each side of him. It was for the jury to say whether if this statement of plaintiff was true, he was justified in proceeding to cross as he did. It may be that a pedestrian could ordinarily cross in safety the line of travel of a horse and cab, if it was not within twenty feet of him when he started to cross that line. At any rate it was not for the court to say that he was, under the circumstances, negligent in making the attempt. In such cases as this, where the line of separation between questions of law and questions of fact is very shadowy, and minds equally intelligent and impartial might draw different conclusions, the safer and wiser plan is to take the judgment of twelve impartial men of the average experience of the community. We are satisfied that the disputed questions of negligence and contributory negligence were very properly submitted to the determination of the jury, and the judgment is affirmed.