## Castor, Appellant, *v.* Schaefer.

*Negligence—Injuries by a carriage and team—Speed—Crossing at public street—Nonsuit.*

In an action by a girl to recover damages for personal injuries sustained by being run down at a public street crossing by a team and carriage, it is error to enter a compulsory nonsuit where the evidence offered by the plaintiff, although somewhat conflicting and not easy to reconcile, tends to show that the defendant at the time of the accident was driving at a high rate of speed, that the speed was within

his control, and where, taking everything into consideration, including the obstructions to view, a reasonable inference can be derived that the defendant fell short of his full duty to the plaintiff.

Argued Jan. 12, 1909. Appeal, No. 244, Jan. T., 1908, by plaintiffs, from order of C. P. No. 2, Phila. Co., Dec. T., 1905, No. 4,148, refusing to take off nonsuit in case of Louisa Castor, a minor, by her next friend and guardian, Calvin H. Castor, and George J. Castor, Administrator of the Estate of Frank H. Castor, deceased, v. Louisa K. Schaefer and John Birkman, Executor of George Birkman, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court refusing to take off nonsuit.

*Augustus T. Ashton,* with him *Victor Frey,* for appellants.— The appellants contend that under the following cases the testimony shows that the defendant was negligent: Schmidt v. McGill, 120 Pa. 405; Christian v. Commercial Ice Co., 3 Pa. Superior Ct. 320; Streitfeld v. Shoemaker, 185 Pa. 265; Boggs v. Railroad Co., 216 Pa. 314; Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233; Henson v. Arthur, 217 Pa. 156.

*Joseph W. Catharine,* for appellees.—Plaintiffs failed to prove that the driver of the team into which the girl plaintiff ran, was guilty of negligence in the management of it, and that such negligence was the proximate cause of the accident: Summers v. Brewing Co., 143 Pa. 114; Small v. Rys. Co., 216 Pa. 584; Cunningham v. Bellknap, 60 S. W. Repr. 837; Gottwald v. Bernheimer, 6 Daly, 212; Kochesperger v. Rapid Transit Company, 217 Pa. 320; McCahill v. Kipp, 2 E. D.

Smith (N. Y.), 413; Quinlan v. Railroad Co., 4 Daly, 487; Streitfeld v. Shoemaker, 185 Pa. 265; Kleinert v. Ice & Coal Co., 6 Pa. Superior Ct. 594; Schwartz v. Brahm, 130 Pa. 411; Hensen v. Arthur, 217 Pa. 156; Funk v. Electric Traction Co., 175 Pa. 559; Goshorn v. Smith, 92 Pa. 435; Baker v. Fehr, 97 Pa. 70; Kelly v. Traction Co., 204 Pa. 623; Strawbridge v. Bradford, 128 Pa. 200; Rachmel v. Clark, 205 Pa. 314; Parker v. Ry. Co., 207 Pa. 438; Kehler v. Schwenk, 144 Pa. 348; Dynes v. Bromley, 208 Pa. 633; Hestonville Pass. Ry. Co. v. Connell, 88 Pa. 520; Nagle v. Railroad Co., 88 Pa. 35.

OPINION BY MR. JUSTICE STEWART, March 29, 1909:

The plaintiff, a young girl under the age of fourteen, while attempting to cross a street in the city of Philadelphia, at a public crossing in daytime, was run over by a passing team driven by George Birkman, the original defendant, since deceased, whose executors have been substituted on the record. It was charged that plaintiff had sustained her injuries in consequence of the negligence and carelessness of defendant in driving his horse at a rapid and excessive rate of speed, and failure on his part to direct its course of travel with due regard to the safety of the plaintiff. At the close of the testimony offered on part of plaintiff, the court directed a nonsuit, which it afterwards refused to take off. We are not permitted to know the considerations which prevailed to determine this action of the court, since no opinion was filed and no expression of view is to be found in the record. Whatever these considerations may have been, we think them inadequate to support the nonsuit. With respect to the question of the defendant's negligence the inference to be derived from the testimony is fairly debatable. Apart from the plaintiff, whose narrative of the occurrence is lacking in particularity, but two witnesses testified as to how the accident befell. Their testimony is not in exact accord, due perhaps to the circumstance that their points of observation were not the same; but however this may be, in considering the question now before us, we must have regard to the testimony which makes most strongly for the plaintiff's contention. It is always for

the jury to reconcile conflicting statements of witnesses and say which is to prevail. The testimony presents this view of the occurrence: Plaintiff was walking east on Howell street and had reached the north crossing of Torresdale avenue. Before attempting the crossing she looked up the avenue and saw a fire engine coming south but no other vehicle coming from that direction. She had ample time to clear the crossing before the engine could reach it, but thought it prudent to walk rapidly. There is a double line of railway tracks on the avenue; the one on the west side, where plaintiff was, is ordinarily used for travel moving south, the other for travel moving north. As plaintiff stood on the pavement before starting to cross, a lumber wagon came along proceeding northward on the track farthest from her. It had reached the crossing when she started and obstructed her view of the driveway beyond, that is, the driveway beyond the east track and between the track and the pavement along which the defendant was driving south. Plaintiff had advanced to the middle of the street and was between the two lines of railway tracks when the lumber wagon cleared the crossing. She immediately advanced in the rear of the wagon, only, however, to be struck by the defendant's team which came along between the east track and pavement at a rapid rate. It does not appear where the defendant first saw the plaintiff; whether when she first entered on the crossing, or not until the moment she was struck; but in either case the speed at which he was driving might well support an inference that he fell short of his duty with respect to the plaintiff. If he saw her when she was just advancing on the crossing, a duty was upon him under the circumstances to regulate his speed with special reference to her safety; if he did not see her until she was directly in front of his horse, it must have been either because he was unobservant, or his view obstructed. If the latter, so much the greater care was required of him in approaching the crossing, especially in view of the fact that he was driving south on the side of the street not ordinarily used for travel in that direction. Of course, if the defendant, through no fault of his, had lost control of his horse, and its speed was not of

his ordering, there would be no liability; and in actions of this kind the plaintiff assumes the burden of proving affirmatively the negligence charged. While the testimony on this branch of the case is somewhat conflicting, and not easy to reconcile, yet, having regard to that which makes most for plaintiff's contention, there was quite enough in it to support a finding that the speed was within defendant's control.

The question of plaintiff's contributory negligence was clearly for the jury. Waiving consideration of the circumstance that the plaintiff was under fourteen years of age, and having regard exclusively to the facts as they appear from the evidence submitted, a determination by the court that contributory negligence was thereby established, could not be sustained.

Judgment reversed and procedendo awarded.