## Schwab *v.* Kolb, Appellant.

*Negligence—Pedestrian struck by wagon—Crossing.*

In an action by a boy eleven years old to recover damages for personal injuries resulting from his being struck by a wagon at a street crossing a verdict and judgment for plaintiff will be sustained where the evidence shows that the plaintiff stopped at the curb and looked both ways, and after he had started to cross, and was three or four feet into the street, he was struck by the front of the shaft of the wagon which had turned abruptly and sharply around the corner and into the street which the boy was crossing.

Argued Nov. 8, 1916. Appeal, No. 232, Oct. T., 1916, by defendant, from judgment of C. P., No. 1, Philadelphia Co., Dec. T., 1911, No. 3001, on verdict for plaintiff in case of William Schwab, a minor and William Schwab

his father, v. Kolb Bakery. Before ORLADY, P. J., POR-
TER, HENDERSON, HEAD, KEPHART, TREXLER and WIL-
LIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Be-
fore PATTERSON, J.

The circumstances of the accident are stated in the
opinion of the Superior Court.

Verdict and judgment for plaintiff for $350. Defend-
ant appealed.

*Error assigned* was in refusing binding instructions for
defendant.

*Franklin Spencer Edmonds,* with him *Howard Schell
Baker,* for appellant.—A plaintiff whether infant or
adult must show the defendant guilty of negligence be-
fore he can require damages for injuries received, and in
this case plaintiff has failed to show that negligence:
Stahl v. Sollenberger, 246 Pa. 525; Eastburn v. U. S.
Express Co., 225 Pa. 33; Baker v. Fehr, 97 Pa. 70; Oster-
heldt v. Peoples, 208 Pa. 310.

*William H. Lamb,* with him *William H. R. Lukens,* for
appellee.—The driver should have stopped his horse:
Christian v. Commercial Ice Co., 3 Pa. Superior Ct. 320;
Kleinert v. Delaware Ice & Coal Co., 6 Pa. Superior Ct.
594.

The driver did not use ordinary care in approaching a
crossing: Arnold v. McKelvey, 253 Pa. 324; Streitfeld
v. Shoemaker, 185 Pa. 265; Castor v. Schaefer, 224 Pa.
208; Brown v. Schellenberg, 19 Pa. Superior Ct. 286;
Satinsky v. Mutual Brewing Co., 187 Pa. 57.

OPINION BY HENDERSON, J., December 18, 1916:

William Schwab a boy aged about eleven years was
struck by a wagon of the defendant driven by one of its
employees and seriously injured when crossing Potter

street while passing eastwardly along the south side of Allegheny avenue, about 1 o'clock in the afternoon. He and a companion were going to a picture show. They were proceeding "at a trot" Schwab being a few feet in the lead. When he arrived at the curb of Potter street he stopped and "looked at both sides of me and ahead of me" and seeing no obstruction started to walk across the street. When three or four feet into the street he was struck by the front of the shaft of the wagon next him and knocked down and dragged a short distance. It may be concluded from the evidence that the wagon turned abruptly and sharply into Potter street, thus coming in behind the boy as he was passing over the crossing. He expressed the opinion that he halted on the curb about two minutes, but in another part of his testimony stated that he stopped there as long as it was necessary to see if there was any danger to him, and the evidence of Stiles, his companion, warrants the belief that his stop was considerably less than two minutes for Stiles had not overtaken him when he started to cross the street. No evidence was offered for the defendant and the case is to be disposed of on the testimony offered by the plaintiffs in support of the action. There was no contradiction of the evidence that the end of the shaft struck the boy nor of his statement that he did not see the wagon in looking up and down Potter street. Under the evidence, we regard the case as one for the jury. It is a fair inference that the boy was in sight for some time when the defendant's driver turned his horse onto the street crossing, and he had an opportunity to observe the boy's movement and to see that he was going or about to go over the crossing. A sharp turn seems to have been made by the driver when leaving the avenue and it was his duty to be observant as to the presence of pedestrians moving along the crossing. The boy was on the place set apart for the use of pedestrians and where they were likely to be and the driver should have taken notice of the fact that persons might be crossing

or about to cross the street. The case was not that of the approach to a crossing in front of the vehicle, but of a short turn onto the crossing against the plaintiff and under such circumstances the driver should have been on the lookout to avoid such an occurrence as is disclosed by the testimony in this case. It was his duty in approaching the crossing to notice whether anyone was in the way of his passage over it and if he failed to do so he was chargeable with a want of ordinary care. Nor is the case that of a child darting out in front of a vehicle, but of a person exercising care in looking to the right and left and in front who is suddenly overtaken by a vehicle coming apparently from behind him. It is quite clear that the boy was in plain view and on the crossing when the horse reached it. The jury might properly find, therefore, that the accident occurred because the driver failed to exercise due care at the place under the circumstances. The only error assigned was the refusal of the court to enter judgment non obstante veredicto. We do not find a convincing reason for holding that action to be erroneous.

The judgment is affirmed.