### Wilson v. Mitton, Appellant.

*Negligence—Highways—Vehicles—Pedestrians—Collision—Case for jury.*

Where in an action to recover damages for injuries sustained by a pedestrian at the intersection of two streets, one of which she was endeavoring to cross, it appeared that before plaintiff started to 'cross she looked and saw no danger, and thereafter proceeded across, when a horse suddenly came upon her without warning and struck her, the case was properly submitted to the jury, and a verdict and judgment for plaintiff were sustained.

Argued Jan. 16, 1917. Appeal, No. 208, Jan. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1915, No. 3129, on verdict for plaintiff, in case of May Wilson v. John F. Mitton. Before Brown, C. J., Mestrezat, Potter, Stewart and Frazer, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Rogers, J.

From the record it appeared that on April 3, 1915, about 11 a. m., the plaintiff, a woman thirty-six years of age, was walking north on the east side of Twelfth street, in the City of Philadelphia. She intended to cross Market street and when she came to the south curb of Market street at the east side of Twelfth street, she stopped on the curb a few minutes until she saw the way was clear. She saw a westbound car standing on the northerly side of Market street and a southbound Twelfth street car at the regular stopping place on Twelfth street north of Market street. She waited until

the Twelfth street car left the stopping place and began to cross Market street.

The highway of Market street at this point is sixty-two feet wide.    At the time the car left this point she noticed a wagon going south in the easterly part of the highway of Twelfth street alongside of the car.

Under the traffic regulations in Philadelphia the traffic moves southward only, on Twelfth street, and, when it is moving, pedestrians on the crosswalks are allowed to cross north and south across Market street at the east and west sides of Twelfth street.    While the southbound traffic is moving on Twelfth street, the east- and westbound traffic on Market street is stopped entirely.

The plaintiff, observing that other people were beginning to cross Twelfth street and seeing nothing coming east or west, proceeded.

She was holding an umbrella over her right shoulder, which did not interfere with her view.    She was walking directly on the crosswalk.

When she came to the southbound track she looked about again and then saw that the horse had suddenly been turned from its southerly course into an easterly course and was directly upon her.

She was knocked down by the horse and severely injured.

It was snowing at the time.

Verdict for plaintiff for $3,450 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, in refusing to enter judgment for defendant n. o. v. and in refusing to grant a new trial.

*Winfield W. Crawford,* with him *Robert P. Shick,* for appellant.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellee.

PER CURIAM, March 12, 1917:

This is a close case, and the jury might very fairly have found in favor of the defendant, not only on the question of the alleged negligence of his driver, but also on the contributory negligence of the plaintiff. We are of the opinion, however, after an examination of all the testimony, that both of these questions were for the jury, and, finding nothing in any of the assignments of error calling for a reversal of the judgment, it is affirmed.