## Safian *v.* American Ice Co., Appellant.

*Negligence—Wagon running down pedestrian—Case for jury.*

In an action against the owner of an ice wagon to recover damages for personal injuries, the case is for the jury where the plaintiff's testimony tends to show that as he was about to leave the curb at intersecting streets, he stopped and looked around and not see-

ing anything proceeded to cross and after taking a few steps from the curb into the cart-way, his foot was run over by the wheel of an ice wagon, which had suddenly turned the corner into the street which plaintiff was crossing, coming from plaintiff's rear, and after striking plaintiff did not come to a stop until it had gone the width of five or six houses.

Argued Nov. 10, 1916. Appeal, No. 215, Oct. T., 1916, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1913, No. 895, on verdict for plaintiff in case of Andrew Safian v. American Ice Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTERSON, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Frank R. Savidge,* for appellant.—In the present case it is hardly possible to conceive of the plaintiff, a pedestrian, coming in collision with a heavy vehicle and receiving but injury to one foot, except through some negligence of the plaintiff: Odbert v. Webster Co., Etc., Ry., 50 Pa. Superior Ct. 525; Cunningham v. Philadelphia Rapid Transit Co., 240 Pa. 194; McCauley v. Philadelphia Traction Co., 13 Pa. Superior Ct. 354; Kauffman v. Nelson, 225 Pa. 174; Henson v. Arthur, 217 Pa. 156; Moss v. Philadelphia Traction Co., 180 Pa. 389; Wolf v. Philadelphia Rapid Transit Co., 252 Pa. 448.

*W. Sandberg,* of *Sandberg & Heymann,* for appellee, cited Kleinert v. Del. Ice & Coal Co., 6 Pa. Superior Ct. 594; Streitfeld v. Shoemaker, 185 Pa. 265; Bodge v.

Philadelphia, 167 Pa. 492; Osterheldt v. Peoples, 208 Pa. 310; Kauffman v. Nelson, 225 Pa. 174; Henson v. Arthur, 217 Pa. 156.

OPINION BY WILLIAMS, J., March 13, 1917:

Andrew Safian seeks to recover for personal injuries sustained by him as the result of a collision between himself and one of the American Ice Company's wagons.

The testimony on the part of the plaintiff was flatly contradicted by that for the defendant. The court permitted the jury to determine between the parties, and a verdict was rendered for $500. The defendant asked for binding instructions and for judgment n. o. v. Both of these requests were refused and judgment entered on the verdict.

The assignments of error being to the refusal to give binding instructions and to enter judgment n. o. v., we must assume that the testimony offered by the plaintiff was true. The plaintiff was walking west on the south side of Callowhill street about six o'clock on the morning of August 25, 1916. He said: "When I got to Franklin street I stood, and I was looking all around, and so I saw nothing on Franklin street......So I started to cross—I made a few steps, and immediately I was struck by a horse on my head......Immediately I turned back, and the wheel passed over my leg." The wagon went "maybe about five or six houses" to the south on Franklin street before it stopped. The driver and his helper returned to the scene and picked up the plaintiff, who was lying in the roadway, and carried him to the sidewalk. Lewis Silecson, an eye-witness of the whole affair, testified that the defendant's ice wagon was proceeding west on Callowhill as plaintiff approached the curb on Franklin; that "he (defendant's driver) did not wait ......he was going right to Franklin street, quick, too, and that man started to walk from the pavement, maybe a couple of steps......and then the front wheel right here in that place, he caught his foot."

SAFIAN *v.* AMERICAN ICE CO., Appellant.

The rights and duties of pedestrians and vehicles at crossings are reciprocal, and each must use care in view of the presence of the other: Streitfeld v. Shoemaker, 185 Pa. 265. There was no duty imposed upon the plaintiff to anticipate negligence upon the part of the driver if he had seen the ice wagon approaching from behind on Callowhill: Lewis v. Wood, 247 Pa. 545, 550. The act of the driver was negligent under the circumstances, for if he had looked, he would have seen the plaintiff in the street and should have been able to stop: Kleinert v. Delaware Ice & Coal Co., 6 Pa. Superior Ct. 594. If he did not look as he turned the corner he was equally negligent.

The street car cases, cited by the appellant, are not applicable. We have two independent agents operating or moving in the same sphere, while in the case of the street car, it is confined to its rails and cannot avoid contact with anything which may come suddenly in its way. From the plaintiff's evidence it appears that he had taken several steps, or moved two or three feet, before he was struck by the horse's head, and, in stepping back, his foot was run over by the front wheel. The case is that the plaintiff was run into by the defendant's team and wagon and did not, as was alleged by the defendant, step out from the sidewalk against the side of the wagon. The court properly left the question of the negligence of the defendant and the contributory negligence of the plaintiff to the jury under the facts of the case.

The judgment is affirmed.