## Bentel *v.* Public Ledger Company, Appellant.

*Negligence—Pedestrian at street crossing—Horse and wagon—Case for jury.*

In an action against an owner of a horse and wagon to recover damages for personal injuries sustained at a street crossing, a verdict and judgment for plaintiff will be sustained, where the plaintiff's testimony, although contradicted by several witnesses, tended to show that the plaintiff was walking on the south side of Market street in the City of Philadelphia, and when he came to the western curb at Fifteenth street, the traffic was stopped on that street, and was moving east and west on Market street; that he entered upon the regular crossing at that point, and when five or six feet from the eastern curb at Fifteenth street he was run down by the horse and wagon, and that before entering upon the crossing he noticed the wagon on the opposite side of Market street, and did not notice it again until he was knocked down by it.

Argued Oct. 12, 1917. Appeal, No. 35, Oct. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1914, No. 2236, on verdict for plaintiff in case of Frank R. Bentel v. Public Ledger Company. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WESSEL, J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $416.    Defendant appealed.

*Errors assigned* were in refusing judgment for defendant, n. o. v.

*Thomas Raeburn White,* for appellant.

*Thomas James Meagher,* for appellee.

OPINION BY ORLADY, P. J., March 2, 1918:

The only error alleged in this case is, that the court refused to direct a verdict for the defendant, and subsequently overruled a motion for judgment non obstante veredicto.    The testimony adduced on the trial discloses but few facts in dispute.    The plaintiff was walking on the south side of Market street, and when he came to the western curb at Fifteenth street, he alleges, the traffic was stopped on that street and was moving east and west on Market street.    He entered upon the regular crossing at that point, and when five or six feet from the eastern curb of Fifteenth street he was run down by a horse and wagon of the defendant company.    He testified further, that before entering upon the crossing he noticed the defendant's wagon on the opposite side of Market street, and did not notice it again until he was knocked down by it.    The driver of the wagon testified as positively that the traffic was moving south on Fifteenth street; that when he was following a trolley car the plaintiff ran in behind the trolley car,—and that he did not notice him until he was immediately in front of his horse. Each was supported in his contention by several eye witnesses, and the dispute was properly submitted to the only tribunal known to the law to adjudge it.    The jury was fully and adequately instructed as to the right and duty of each in occupying the street crossing, under the circumstances as described by each, and we accept the

71, (1918).]          Opinion of the Court.

conclusion reached by the jury as being fully warranted by the testimony.   The rules applicable to such conditions have been so recently announced that it is not necessary to again refer to them.   The reciprocal duties of the driver and the pedestrian are clearly set forth in Kerbaugh v. U. S. Ex. Co., 58 Pa. Superior Ct. 550; Christian v. Commercial Ice Co., 3 Pa. Superior Ct. 320; Gallagher v. Kahn, 223 Pa. 541; Castor v. Schaefer, 224 Pa. 208; Cronmuller v. Evening Telegraph, 232 Pa. 14; Lorah v. Rinehart, 243 Pa. 231; Schwab v. Kolb, 65 Pa. Superior Ct. 326; Brown v. Chambers, 65 Pa. Superior Ct. 373; Wilson v. Mitton, 257 Pa. 86.

The assignments of error are overruled, and the judgment is affirmed.