Harry Streitfeld, by his next friend and father, Adolph Streitfeld, Appellant, *v.* Robert Shoemaker, Richard M. Shoemaker, Thomas E. Shoemaker and Benjamin H. Shoemaker, trading as Shoemaker & Company.

*Negligence—Infant—Injury by wagon.*

In an action to recover damages for an injury to a boy thirteen years old run over by a wagon at a crossing, the questions of negligence and contributory negligence are for the jury where the evidence tends to show that the boy on approaching the crossing looked up and down the street, and saw the wagon some distance away; that the wagon was being driven at a rapid rate. and that there was no obstruction to the driver's view of the crossing.

Argued Jan. 12, 1898.    Appeal, No. 261, Jan. Term, 1897, by plaintiff, from order of C. P. No. 3, Phila. County, December Term, 1894, No. 430, refusing to take off nonsuit.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Trespass to recover damages for personal injuries.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*William W. Ker*, for appellant.—The case was for the jury: Schmidt v. McGill, 120 Pa. 405; Rodge v. Philadelphia, 167 Pa. 493; Cleary v. Pittsburg, etc., Traction Co., 179 Pa. 526; Pass. Ry. v. Foxley, 107 Pa. 537; Harkins v. Traction Co., 173 Pa. 149; Johnson v. Ry. Co., 160 Pa. 647; Schnur v. Traction Co., 153 Pa. 29; Evers v. Traction Co., 176 Pa. 376; Gilmore v. Pass. Ry., 153 Pa. 33; Woeckner v. Erie Electric Motor Co., 176 Pa. 451; Laib v. Penna. R. R., 180 Pa. 503; Bucklin v. Davidson, 155 Pa. 362; Bastian v. Philadelphia, 180 Pa. 227.

The plaintiff was not a trespasser. His right to the use of the crossing was equal to that of the wagon of the defendants. He had reached the center of the street before the horses came to that point. He was injured by being knocked down by the horses and run over by the wagon. His injuries were caused by negligence either on the part of himself or that of the driver of the wagon. The evidence shows that the boy would not have been injured if the driver had attended to his duties, and promptly stopped his horses. The facts should have been submitted to the jury,

*J. Howard Gendell,* for appellees.—Negligence must be affirmatively proved, and unless proved, the presumption of duty performed must prevail. Accordingly, it will be found that in all the cases cited by plaintiff, there were other elements besides the mere fact of collision.

Where a duty suddenly arises, there ought at least to be a consciousness of the facts from which it springs, and an opportunity to discharge the duty: Hestonville, etc., R. R. Co. v. Kelley, 102 Pa. 115 ; Brown v. French, 104 Pa. 604 ; Sekerak v. Jutte, 153 Pa. 117.

Not only was the driver free from negligence, but negligence is chargeable to plaintiff himself: Funk v. Traction Co., 175 Pa. 559; Hestonville Pass. Ry. v. Connell, 88 Pa. 520 ; Iaquinta v. Traction Co., 166 Pa. 63; Honor v. Albrighton, 93 Pa. 475 ; Miller v. Penna. R. R., 8 Atl. Rep. 209 ; Moore v. Penna. R. R., 99 Pa. 301; Butler v. Pitts., etc., Ry., 139 Pa. 195 ; Lehigh Coal Co. v. Hayes, 128 Pa. 294; Wendell v. N. Y. Cent. & Hudson River R. R., 91 N. Y. 420 ; Tucker v. N. Y. Cent. & Hudson River R. R., 124 N. Y. 308; Reynolds v. N. Y. Cent. & Hudson River R. R., 58 N. Y. 248; Messenger v. Dennie, 137 Mass. 197 ; Masser v. Chicago, etc., Ry., 68 Iowa, 602; Ecliff v. Wabash, etc., Ry. Co., 64 Mich. 196 ; Ludwig v. Pillsbury, 35 Minn. 256 ; Achtenhagen v. Watertown, 18 Wis. 347 ; Brown v. Ry., 58 Me. 384 ; Twist v. Winona, etc., R. R., 4 Railway & Corp. Law Jour. 516 ; Shirk v. Wabash R. R., 42 N. E. Rep. 656.

OPINION BY MR. JUSTICE McCOLLUM, April 4, 1898 :

We think the learned court below erred in entering and

refusing to take off the nonsuit in this case. The plaintiff, at the time of the occurrence on which the suit is based, was thirteen years old, and going from his home to his school. When he came to Third street he looked up and down it to see if any wagons or cars were approaching, and he saw a wagon coming up the street, and " some distance away." He then started to cross the street and, while upon the crossing and between the tracks of the street railway, he was run over by a team and heavy truck wagon of the defendants, in charge of their driver, and seriously injured. He testified on the trial that he did not know what struck him, and that after he was struck and until he was picked up by a policeman he was unconscious. The attention of several persons was drawn to the occurrence by the hallooing obviously intended to prevent it. Two persons saw the plaintiff when he was struck by the horses, and others saw him after he was struck by them, and when his leg was crushed by the wagon. There was some discrepancy in the evidence relating to the speed of the horses. Mullen said that the wagon was not going fast or slow when he saw it. Higgins said " the horses were jogging along; they were not exactly trotting; they were going pretty good." Croft, when asked whether the wagon was going fast or slow, said: " It was going pretty fast," and to the question whether the horses were going fast when the boy was struck he replied, " the horses were going along at very good speed." It is undisputed that the horses were not stopped until the wagon reached the north crossing. The foregoing summary fairly presents, we think, the evidence on which the court held that the plaintiff was negligent and the defendant's driver was not. In so holding the court evidently assumed that the driver exercised proper care in approaching and passing over the crossing, and that " it is negligence for anyone to cross in front of a moving vehicle of any kind." This assumption however ignored material facts shown by the evidence.

The plaintiff was not a trespasser on the crossing; on approaching it he looked up and down the street to see whether there was anything to interfere with his passage over it; the wagon that he saw coming up the street was "some distance away ;" he manifestly supposed he could safely cross the street, and he had reached the center of it when he was run over. The bare fact that he was run over was not conclusive proof of

negligence. The evidence did not present a case in which a boy darted suddenly in front of a moving vehicle, or was injured in crossing the street between the crossings provided for pedestrians. It is a case which closely resembles Schmidt v. McGill, 120 Pa. 405. In that case, as in this, the driver paid no attention to the hallooing intended to prevent the occurrence which was the subject of the suit; he did not check the speed of his team at the crossing, and the plaintiff did not know of its proximity until struck by the pole of his wagon. Both parties to the occurrence had the right of way, and both were required to use care. It was said by Judge BIDDLE, in his charge to the jury in the case above cited, that "there is no obligation on the part of persons driving along the public streets to haul up their horses and stop at every crossing. Nor must people look in every possible direction for vehicles approaching and cipher out how long it will take them to arrive at the crossing. Each must exercise reasonable and ordinary care. Of course, more caution must be used at crossings than at other parts of the highway, for that is where the stones are placed to cross. The obligation is mutual." This is a clear and sensible statement of the obligation of persons driving along the streets and of pedestrians in passing over the crossings provided for their accommodation. The former are not required to stop at every crossing nor the latter to refrain from passing over it on seeing a team approaching at an ordinary gait a square away; but each must exercise the care which the circumstances obviously demand. In the case at bar there was not a scintilla of evidence showing any obstruction to the driver's view of the crossing, or of the plaintiff after he started to cross the street upon it. It was the duty of the driver upon approaching the crossing to notice whether any person or persons were in the way of his passage over it, and the omission to do so would constitute a want of ordinary care. If he discharged his duty in this particular would he not have seen the plaintiff on the crossing near to or between the tracks of the railway on which he was driving. If, having seen the plaintiff there, he made no effort to avoid the occurrence, when it was practicable to do so, he disregarded an equally plain duty.

We think the court was not warranted by the evidence in holding that there was no negligence on the part of the driver,

and that the occurrence in question was attributable to the negligence of the plaintiff. The questions of negligence were fairly raised by the evidence, and it was the province of the jury to decide them. Whether the driver in approaching and passing over the crossing exercised the care required by the circumstances is a question arising from the evidence, and not determinable by the court, and in view of the evidence and the age of the plaintiff the question of his negligence was clearly for the jury.

The assignment of error is sustained and the judgment is reversed with a procedendo.