# Lamont *v.* Adams Express Co., Appellant.

*Negligence—City streets—Pedestrian—Crossing street diagonally—Approaching automobile—Duty to look behind.*

1. A pedestrian, using care according to the circumstances, may lawfully cross a city street at any point between as well as at public crossings, and may do so directly or indirectly.

2. A pedestrian is not as a matter of law negligent in failing to look behind for approaching automobiles while crossing a street diagonally at a point which is not a crossing, especially where he has safely passed the car track in the middle of the street, and is facing in the direction that traffic might be looked for on the side of the street upon which he is traveling.

3. A pedestrian is not as a matter of law negligent in crossing a city street where an approaching automobile is in plain sight, since the speed of the car, the distance it is away, and the side of

the street upon which it is approaching and all the circumstances must be taken into consideration.

*Negligence—Collision—Automobile truck — Pedestrian — Question for jury.*

4. The question of defendant's negligence and plaintiff's contributory negligence is for the jury, in an action for damages for personal injuries sustained by a plaintiff by being struck by an electric truck while attempting to cross a city street diagonally, where plaintiff testifies that he looked in both directions for approaching vehicles, and seeing none he started across the street on a jog trot, and that on account of public garages further down the street in the same block, from which automobiles were liable to emerge and come down the street suddenly, he kept a constant look in that direction and did not look back in the direction in which defendant's truck was proceeding, which had turned to the left side of the street, and without warning struck the plaintiff, and where the defendant's driver testifies that he turned to the left side of the street to clear the car track for an approaching street car, because part of the roadway was occupied by a tool box, mortar bed, etc., and that his attention was momentarily withdrawn, so that he failed to see the plaintiff before the accident.

Argued Jan. 22, 1919. Appeal, No. 194, Jan. T., 1918, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1916, No. 2929, on a verdict for plaintiff in case of Walter G. Lamont v. Adams Express Company. Before STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for personal injuries. Before ROGERS, J.

Verdict for plaintiff for $9,757, upon which judgment was entered.

The court overruled defendant's motion for judgment non obstante veredicto and for a new trial. Defendant appealed.

*Errors assigned,* among others, were overruling motion for judgment n. o. v. and for a new trial, and answers to points.

*William A. Schnader,* with him *Thomas DeWitt Cuyler,* for appellant.—The plaintiff was guilty of contributory negligence: Virgilio v. Walker, 254 Pa. 241; Watts v. Plymouth Boro., 255 Pa. 185; Warruna v. Dick, 261 Pa. 602.

The defendant was entitled to have the jury instructed that if the defendant's truck was in plain view when the plaintiff stepped into the street, the plaintiff was guilty of contributory negligence.

*Wm. Clarke Mason,* with him *Leon J. Obermayer,* for appellee.

OPINION BY MR. JUSTICE WALLING, February 17, 1919:

This action in trespass is for personal injuries sustained in a collision with an electric truck. Plaintiff resided at 1610 Vine street, Philadelphia, on the south side of the street about one hundred and ten feet west of Sixteenth street. Between the sidewalks in Vine street there is a twenty-six foot paved cartway and in its center a single track street railroad. On the afternoon of December 8, 1916, plaintiff, a toolmaker by trade, was out in search of employment, and about six o'clock came back to the northwest corner of Sixteenth and Vine streets where he talked for fifteen minutes with an acquaintance and then left for home. Plaintiff's evidence is that he went west a short distance, probably about twenty-five feet, on the north side of Vine street and then, after looking in both directions for approaching vehicles and seeing none, started diagonally across the cartway in the direction of his home, going on a jog trot faster than a quick walk; that, on account of public garages just west in the same block from which automobiles were liable to emerge and come suddenly down the street, he kept a constant watch in that direction and did not look back while passing over the cartway. Meantime defendant's truck was proceeding west along the railway track in Vine street and after

crossing Sixteenth street turned to the left and near the south curb, without warning, struck plaintiff, inflicting upon him serious and permanent injuries. The street was lighted and the truck was not moving rapidly. Defendant's driver testified that he turned to the left side of the street to clear the track for a westbound trolley car, to which his attention was momentarily drawn so that he failed to see plaintiff before the accident. A part of the cartway near the north curb, opposite plaintiff's residence, was temporarily occupied by a tool box, mortar bed, etc., used in connection with work in progress on that side of the street; and the driver gives that as his reason for turning to the left in place of to the right as he ordinarily would have done. The diagonal course traversed by plaintiff in the cartway was about ninety feet. Plaintiff testified that he knew nothing of the approaching truck until struck just as he was stepping from the cartway onto the south walk; while the evidence for defendant is that plaintiff had passed over the walk and up onto the steps of the residence next east of his own, when he staggered back some eight feet across the walk and fell or rolled over the curb in front of the truck. The trial judge instructed the jury that if the latter version was true there could be no recovery and submitted to them the questions of negligence and contributory negligence. This appeal by defendant is from judgment entered on the verdict for plaintiff.

A pedestrian, using care according to the circumstances, may lawfully cross a city street at any point between as well as at public crossings, and may do so directly or diagonally. However, crossing at an unusual place or in an unusual manner imposes upon him a greater burden of care (see Virgilio v. Walker & Brehm, 254 Pa. 241; Arnold v. McKelvey, 253 Pa. 324), and before attempting to do so he should use his faculties to ascertain the position of traffic therein. It cannot be affirmed, however, as a fixed rule that one crossing a street diagonally must turn and look back; whether he

should do so depends upon the circumstances of the particular case. He must be alert but where he should look depends upon the law of the road, the current of traffic, his means of observation, the local conditions, the position and direction of moving vehicles, etc.; and as the duty shifts according to the circumstances there can be no set rule applicable to all cases. Berry on the Law of Automobiles (2d ed.), section 217, says, "A pedestrian is not necessarily guilty of negligence because of his failure to look to the rear for approaching automobiles while walking in the highway; and whether he is negligent on a particular occasion depends upon the circumstances at the time." Also, "Where a pedestrian was crossing a street diagonally in the middle of a block, it was held that she was under no legal duty to look behind her or to anticipate without having received any warning that an automobile driver was intending to pass her by going to the left of the center of the street" (citing Fox v. Great A. & P. Tea Co., 84 N. J. L. 726). As an automobile can change its course at pleasure, the pedestrian's duty of avoiding its path is less exacting than in case of a locomotive or trolley car confined to a track: see ibid, section 218. It follows that plaintiff had a right to cross the street where he did, and his reason for continuing to look west and not east was for the jury. As he had safely passed the north side of the street and the car track, where westbound traffic would be expected, it cannot be said as a matter of law he was negligent in facing the eastbound traffic that might be looked for on the south side of the street. Had defendant's driver also been watching ahead instead of looking to one side, the accident might have been avoided.

The trial court could not have granted defendant's request to the effect that if its truck was in plain sight when plaintiff started to cross the street he was guilty of contributory negligence and could not recover. That ignored the questions as to the speed of the truck, the distance it was away, the side of the street upon which it

was approaching and other circumstances.    It cannot be broadly asserted that it is negligence to cross a street because an approaching automobile is in plain sight.

The driver might have cleared the track by turning to the right before he came to the obstruction or after he had passed it and there was no urgent necessity for him to turn and go over to the left curb where plaintiff was injured, and the latter was not bound to anticipate such an event, especially as he had no warning.    The driver had a clear view of the place of accident and his negligence was for the jury.

Plaintiff was hurt in his back and legs, and the right foot was so badly crushed and mangled that more than a year after the accident, on the advice of physicians, the leg was amputated.    We find no merit in the contention that the accident was not the proximate cause of the loss of his leg, or in the contention that the trial court erred in refusing to strike out the testimony upon that branch of the case: see Wallace v. Pennsylvania R. R. Co., 222 Pa. 256.

The assignments of error are overruled and the judgment is affirmed.