## Chesney *v.* Read, Appellant.

*Negligence — Automobiles — Pedestrians — Crossing street between crossings—Contributory negligence—Case for jury.*

In an action to recovery damages for personal injuries it appeared that the plaintiff's minor son, while crossing a city street was struck by the defendant's automobile and killed.

It further appeared that the defendant's automobile was 81 feet away from the place of the accident when the child stepped into the roadway and that the machine ran 36 feet before it was stopped.

Under such circumstances, the court cannot say, as a matter of law, that the plaintiff's son was guilty of contributory negligence, and the case was for the jury.

Argued October 18, 1923.   Appeal, No. 195, Oct. T., 1923, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1921, No. 1192, on verdict for plaintiff in the case of Harry Chesney v. Edward C. Read, Jr.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass to recover damage for death of plaintiff's minor son.   Before McMICHAEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $1,000.00, and judgment thereon.   Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Francis Chapman,* for appellant.

*Grover Ladner,* of *Ladner & Ladner,* for appellee.

OPINION BY TREXLER, J., February 29, 1924:

A servant was driving defendant's automobile on Somerset Street on a down grade. Plaintiff's son, a boy of fourteen, came out an alley and started to cross the street not at a regular crossing. Defendant's driver was then eighty-one feet away, "just crossing Sterner Street." The driver had already applied the brakes, which were screeching loudly, and the car was sliding. Notwithstanding the continued application of the brakes, the car proceeded, skidded to the left, struck the boy and proceeded a distance of thirty-six feet before it was brought to a stop.

The only question raised on the appeal is the contributory negligence of the boy. Taking the testimony of the witnesses in its most favorable aspect for the plaintiff, the car, as stated above, was eighty-one feet away when the boy started over the roadway. He could have safely crossed, had he proceeded, but he was confused. What caused his confusion may have been the fact that the car seemed to have pursued an erratic course. There is sufficient evidence in the case to show that it was sliding when it passed Sterner Street and the skid marks which were on the street and which were made by the car supported the inference that the car was beyond the control of the driver.

The court could not, as a matter of law, decide that the action of the boy in attempting to cross the street between crossings was negligent, for the speed of the car, the distance it was away, the side of the street on which it was approaching, (Lamont v. Adams Express Co., 264 Pa. 17, 19) all these circumstances may have led him to believe that he could get across and apparently if the de-

fendant's car had pursued its ordinary course on the right side of the street the boy could have crossed safely.

The appellant relies upon the case of McAvoy v. Kromer, 277 Pa. 196. We do not think this case is ruled by that. In that case the statement charged excessive, improper, and illegal rate of speed. It was held that the mere happening of the accident did not show negligence of the driver and that there was no evidence of excessive speed and that the driver stopped almost instantly when the boy was struck between crossings. Following Anderson v. Wood, 264 Pa. 98, the statement is repeated that the pedestrian must have been on the cartway a sufficient length of time to be seen, and the driver of the car having been far enough away to bring his machine under control. In this case the uncontradicted testimony is that the boy started to cross the street when the driver was at Sterner Street, the farthest limits of which were eighty-one feet from the place where the boy was. A witness testified that the boy stepped off the curb. He did not run until he was in danger of being struck. There is no evidence that he darted out in front of the car. The presumption is that deceased did that which a prudent person would do under the circumstances and that he continued to do so until the accident took place. "Having, without fault on his part, committed himself to the act of crossing, it became the duty of appellant to so control his car as to do no injury to the pedestrian, who was on the cartway a sufficient length of time to be seen, the driver of the car being far enough away to bring his machine under control," Anderson v. Wood, supra. We repeat that in this case, the testimony, which we must assume is true, shows that the defendant going forty-five miles an hour at Sterner Street and with the brakes applied was not able to get the car under control before striking the boy. The boy was not necessarily charged with the duty of knowing that the driver was coming

along at an unlawful rate of speed and seeing an automobile at that distance in a built up part of the city, he could reasonably infer that the speed of the car was such as to permit him, without assuming unreasonable risk, to cross in safety.

The judgment is affirmed.