## Robb *v.* Quaker City Cab Co., Appellant.

*Negligence—Automobiles—Pedestrian struck at crossing—Evidence—Undue speed—Lack of control—Case for jury—Deafness.*

1. To run a pedestrian down with an automobile at a crossing where the pedestrian is in plain sight and does not change his course, is evidence of negligence.

2. At street crossings drivers must be exceedingly vigilant to have their cars under such control that they may stop at the slightest sign of danger; if they do not, and an accident results, they are liable in damages for the consequences.

3. Where a pedestrian testifies that there was no automobile within the range of his vision a block and a half away when he started over a crossing, and it also appears that the car, after striking him, ran for more than one hundred and fifty feet, such circumstances bear on the question of undue speed and lack of control.

4. A citizen's right upon a public highway does not depend upon his ability to hear, so long as he makes proper use of his sight.

5. While one is required to keep a lookout in crossing a street diagonally, it cannot be said, as a matter of law, that he must turn and look back.

6. A pedestrian is not bound to anticipate that an automobile will approach him at reckless speed.

7. A pedestrian using due care, according to circumstances, may cross a street between intersections, but when he does so he must exercise a higher degree of care than is required at public crossings; he must look in both directions for approaching traffic.

Argued April 21, 1925.  Appeal, No. 238, Jan. T., 1925, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1923, No. 411, on verdict for plaintiff, in case of James L. Robb v. Quaker City Cab Co.  Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Trespass for personal injuries.  Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $15,000.

Judgment for $12,000.  Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant, quoting record.

*E. W. Lank,* of *Smithers, Lank & Horan,* for appellant. —There was no evidence to sustain the allegations of negligence declared on and the facts being undisputed, the issue was one of law to be determined by the court: Zahniser v. Torpedo Co., 190 Pa. 350; Stearns v. Spinning Co., 184 Pa. 519; Spees v. Boggs, 198 Pa. 112; Flanigan v. McLean, 267 Pa. 553; King v. Brillhart, 271 Pa. 301; Clark v. Lindsay, 7 Pa. Superior Ct. 43; Limestone Co. v. Ry., 262 Pa. 446.

Plaintiff was guilty of contributory negligence as matter of law: Greer v. Tyson, 185 Pa. 356; Sauers v. Traction Co., 193 Pa. 602; Black v. P. R. T. Co., 239 Pa. 463; Brown v. P. R. T. Co., 252 Pa. 475; Wolf v. P.

R. T. Co., 252 Pa. 448; Geiger v. Garrett, 270 Pa. 192; Walker v. P. R. T. Co., 274 Pa. 121; Flinn v. Ry., 234 Pa. 335; Krenn v. R. R., 259 Pa. 443; Virgilio v. Walker, 254 Pa. 241; Weaver v. Pickering, 279 Pa. 214; Provost v. Director General, 265 Pa. 589; Hamilton v. R. R., 227 Pa. 137; Lynch v. Erie, 151 Pa. 380.

*Donald C. Swartz,* of *Swartz & Campbell,* for appellee, cited: Rosenthal v. Phonograph Co., 274 Pa. 236; Gilles v. Leas, 282 Pa. 318; Mooney v. Kinder, 271 Pa. 485; Twinn v. Noble, 270 Pa. 500; Eckert v. Ship Building Corp., 280 Pa. 340; Anderson v. Wood, 264 Pa. 98.

OPINION BY MR. JUSTICE WALLING, May 11, 1925:

South Broad Street, Philadelphia, is intersected at right-angles by Carpenter Street. In the center of the former and extending northerly about eight feet from the north line of the latter is an oval-shaped elevated safety zone called an "island," which divides traffic in Broad street, that on the west side being southbound. On the morning of January 8, 1923, the plaintiff, James L. Robb, in going to his work walked south upon the west sidewalk of Broad Street until within about forty feet of Carpenter Street, where he looked north and south and seeing no vehicle approaching, started diagonally across the cartway in the west side of Broad Street, going on a trot toward the south end of the safety zone, which he had nearly reached when run down and permanently injured by one of defendant's southbound taxicabs. For the damages thus sustained plaintiff brought this suit, the trial of which resulted in a verdict and judgment in his favor and defendant appealed.

Manifestly the question of defendant's negligence was for the jury. It was daylight, there was no other vehicle or pedestrian present to divert the driver's attention and plaintiff kept a straight course. Furthermore, the taxicab was moving at such speed that it covered at least three hundred and twenty-six feet and probably five

hundred feet while plaintiff trotted fifty feet, then dragged him twenty-five feet and ran about a hundred and twenty-five feet more before coming to a stop. No signal was given of its approach except a blast of the horn at the moment of accident. Again, plaintiff was within two feet of the island when struck, thus leaving an open space of more than twenty-eight feet between him and the west curb, where defendant's taxicab might have passed in safety. To run a pedestrian down, who is in plain sight and does not change his course, is evidence of negligence: King et al. v. Brillhart, 271 Pa. 301; and see Petrie v. E. A. Myers Co., 269 Pa. 134; Streitfeld v. Shoemaker, 185 Pa. 265. Plaintiff was struck practically at a street intersection, a place which it was the driver's duty to approach with caution and have his car under control: Rosenthal v. Phila. Phonograph Co., 274 Pa. 236; Eckert v. Merchants Shipbuilding Corp., 280 Pa. 340; Mooney v. Kinder, 271 Pa. 485; Silberstein v. Showell F. & Co., 267 Pa. 298; Anderson v. Wood, 264 Pa. 98; McClung v. Penna. T. Cab Co., 252 Pa. 479. In the very recent case of Gilles v. Leas, 282 Pa. 318, Mr. Justice KEPHART, speaking for the court (p. 320), says: "We have held over and over again that at street crossings drivers must be exceedingly vigilant to have their cars under such control that they may stop at the slightest sign of danger. If they do not, and an accident results, they are liable in damages for its consequences." Plaintiff testified there was no automobile coming south in Broad Street within the range of his vision (a block and a half) when he started to cross; which would indicate the taxicab must have covered that distance, or if it entered Broad Street from the first street north, at least one block (326 feet), while he was trotting fifty feet; this and the distance the taxicab ran after the accident were circumstances on the question of undue speed and lack of control. See Schoepp v. Gerety, 263 Pa. 538; Chesney v. Read, 82 Pa. Superior Ct. 605.

Plaintiff was a deaf mute which required more care on his part (Krenn v. Pittsburgh, C., C. & St. L. Ry. Co., 259 Pa. 443) but did not of itself convict him of negligence in attempting to cross the street. A citizen's right upon the public highway does not depend upon his ability to hear, so long as he makes proper use of his sight; whether plaintiff did so in this case was for the jury.

While one is required to keep a lookout in crossing a street diagonally it cannot be said, as matter of law, that he must turn and look back: Lamont v. Adams Express Co., 264 Pa. 17. The southbound cartway being apparently free from traffic, the jury might excuse plaintiff for giving his attention momentarily to the condition of traffic in Carpenter Street, or on the east side of Broad Street. He was not bound to anticipate that defendant's taxicab would approach at reckless speed. See Lewis v. Wood, 247 Pa. 545. Plaintiff might recover although the accident did not happen at a crossing, for a pedestrian, using due care according to the circumstances, may cross a street between intersections (Anderson v. Wood, supra; Lamont v. Adams Express Co., supra), but when he does so he must exercise a higher degree of care than is required at public crossings: Weaver v. Pickering, 279 Pa. 214; Virgilio v. Walker & Brehm, 254 Pa. 241; Arnold v. McKelvey, 253 Pa. 324. Hence, the fact that plaintiff started to cross the west cartway in Broad Street forty feet north of Carpenter Street did not necessarily convict him of contributory negligence, even if injured before he reached Carpenter Street; to hold it did would deprive a pedestrian of the right to cross a street between intersections, which the law does not do. As the sequel showed, it might have been wiser had plaintiff gone to Carpenter Street and attempted a right-angle crossing. What we hold in Weaver v. Pickering, supra, is that a pedestrian before attempting to cross a two-way city street, between inter-

sections, must look in both directions for approaching traffic; that, in the instant case, plaintiff testified he did.

Defendant offered no testimony and the only error assigned was the refusal to direct a verdict in its favor.

The judgment is affirmed.