# McCann *v.* Sadowski, Appellant.

*Negligence—Automobiles—Deafness—Presence on street—Contributory negligence—Proximate cause.*

1. A citizen's right on a public street, does not depend on his ability to hear, so long as he makes proper use of his sight.

2. In an action to recover for injuries caused by the negligent operation of an automobile, defendant cannot allege that plaintiff by reason of his deafness was guilty of contributory negligence, where there is no evidence that plaintiff's lack of hearing was in any sense responsible for the accident.

Argued September 29, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 62, March T., 1926, by defendant, from judgment of C. P. Allegheny Co., April T., 1922, No. 873, on verdict for plaintiff, in case of Peter McCann v. Moses Sadowski. Affirmed.

Trespass for personal injuries. Before McVICAR, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,500, on which judgment was entered for $6,250. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Harry J. Nesbitt,* for appellant.

*E. W. Langfitt,* with him *C. William Campbell,* for appellee.

PER CURIAM, November 22, 1926:

Plaintiff recovered a verdict for injuries received by him through defendant's negligent operation of his automobile; the latter's motion for judgment n. o. v. was

refused, judgment was entered on the verdict, in a reduced amount, and this appeal followed.

Plaintiff was employed by the Pittsburgh Railways Company as a flagman to divert traffic from a street which had been closed for repairs, and while performing his duties, was struck and injured by an automobile driven by defendant. The accident occurred in full daylight and plaintiff testified that he saw the motor approaching and waved a red flag to divert it from the closed portion of the street, but defendant, disregarding the signal, continued until the car struck plaintiff.

The sole contention of defendant is that, by reason of plaintiff's deafness, of which there was evidence, he was guilty of contributory negligence per se in entering upon the work of a flagman. This position cannot be sustained; there is no evidence that plaintiff's defective hearing was in any sense responsible for the accident, and the fact that one suffers from such an impairment does not in itself make it negligence for him to be on the public streets. In Robb v. Quaker City Cab Co., 283 Pa. 454, 458, we recently said: "A citizen's right upon a public highway does not depend upon his ability to hear, so long as he makes proper use of his sight." The trial judge carefully submitted to the jury the question of contributory negligence, and no valid reason appears why the judgment entered on the verdict should be disturbed.

The judgment is affirmed.