## Kirk, Appellant, v. McKnight.

Argued March 24, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*George Y. Meyer,* with him *Daniel F. McCarthy,* for
appellant.

Appellee was not heard, and no brief was filed.

OPINION BY MR. JUSTICE SCHAFFER, April 24, 1933:
This was an action for personal injuries sustained by
plaintiff when struck by defendant's truck.   The jury
returned a verdict in plaintiff's favor.   Defendant moved
for judgment non obstante veredicto, which was granted.
Plaintiff appeals.

The record is most unsatisfactory to review. We are not certain in parts of it whether we are dealing with facts or surmises. This is caused by the mistiness of the recollections of witnesses due to the long interval between the time of the accident which brought about the litigation and the trial. The accident took place on January 29, 1924. Suit was not commenced until January 28, 1926, just before the statute had run. The trial was on May 21, 1931, more than seven years between accident and trial. We do not have the benefit of a brief from appellee and no oral argument was presented in his behalf.

Although the indications are that several persons were present at the scene of the accident, only four witnesses were called, the plaintiff, the driver of the truck which struck her, the person who conveyed her to the hospital and who apparently knew nothing about the occurrence except that he saw plaintiff lying in the street between the two car tracks, and a doctor. The absence of other witnesses is doubtless due to the lapse of time.

Plaintiff alighted from a westbound street car on the north side of Fifth Avenue in Pittsburgh. It was about dusk and snowing. The car had stopped at its usual stopping place to let passengers off at Brady Street, which intersects Fifth Avenue. A number of passengers alighted. Plaintiff was the last one off the car. She said she proceeded around the rear of it, was crossing Fifth Avenue to get to the sidewalk of Brady Street, looked for approaching traffic when she was about the middle of the street between the two car tracks, saw nothing coming except another trolley car from the west which stopped on the far side of Brady Street, at least one hundred feet from her, proceeded and had reached a point within three or four feet of the south curb of Fifth Avenue, when she was struck by defendant's truck, which she had not seen until just as it ran into her, and received injuries. The driver of the truck said he was proceeding at ten or twelve miles an hour.

Plaintiff testified that the truck gave no warning of its approach and went on after striking her.

The driver of the truck testified that he did not see plaintiff until he was within a couple of feet of her, that she was in the middle of the "dummy," that she came from in front of the car from which she had alighted, that he swerved to the right in an endeavor to avoid hitting her, but was unsuccessful in this, and that when she fell, he stopped his car, assisted in picking her up and saw that she was put in an automobile to be taken to a hospital.

Under the facts as we have outlined them, we think the case was for the jury. This was the first conclusion of the learned trial judge who submitted it to them. On reconsideration, after a verdict in plaintiff's favor, he decided otherwise and entered judgment for defendant, basing his action upon the conclusion that, although she said she looked and saw the street car approaching from the west, and did not see the truck which was coming from the same direction until after it was almost upon her, she must have seen the truck had she been observant. This, it seems to us, fails to take account of a fact testified to by the driver of the truck, that as he approached Brady Street, running on the south side of Fifth Avenue, there were cars parked on the south side of the avenue which he had to go around. He may have been behind these parked cars and therefore not observable by plaintiff when she looked.

As the truck driver approached Brady Street he saw the street car stopped to permit passengers to alight. He says plaintiff came from in front of it. He should then have had his truck under such control that he could have stopped at the slightest sign of danger: Robb v. Quaker City Cab Co., 283 Pa. 454; Johnson v. French, 291 Pa. 437; Clark v. Horowitz, 293 Pa. 441. Had his control been such as the law requires under the situation confronting him, the accident would not have taken place.

On the record as we find it, our conclusion is that defendant's negligence and the contributory negligence of plaintiff were for the jury.

The judgment of the court below is reversed and judgment is here entered for plaintiff on the verdict.