## Favino, Appellant, *v.* Myers.

Argued March 15, 1949. Before HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (RHODES, P. J., and ROSS, J., absent.)

*Samuel S. Laucks, Jr.,* with him *Samuel S. Laucks* and *Laucks & Laucks,* for appellant.

*J. E. Ruch,* with him *Spencer R. Liverant* and *Markowitz, Liverant & Ruch,* for appellee.

OPINION BY FINE, J., April 20, 1949:

James F. Favino instituted this action in trespass against Eleanora B. Myers to recover $242.06, representing the cost of repairs to his Ford dump truck occa-

sioned by a right-angle collision at a street intersection between said truck and the motor vehicle of the defendant. At the close of the testimony, the court below affirmed defendant's point for binding instructions on the ground that plaintiff's operator was contributorily negligent as a matter of law and directed a verdict for defendant. From the dismissal of plaintiff's motion for a new trial, this appeal followed.

That the judgment must be affirmed will become apparent after a brief statement of the pertinent facts viewed most favorably for the plaintiff. On August 8, 1945, at about 10:30 a.m., Veryle E. Daugherty, plaintiff's operator, was driving a dump truck, containing a five ton load of stone, in a westerly direction on Pennsylvania Avenue, at a speed of ten to fifteen miles per hour, toward the intersection with Hawthorne Street in the City of York. Defendant was proceeding in a northerly direction along Hawthorne Street, at a speed not disclosed by the record. Neither street is a through street nor is traffic thereon controlled by lights or signs. At the time of the collision the weather was clear and the streets were dry. Daugherty testified that as he entered the intersection, he looked to his left and to his right, and ". . . [having] seen nothing, so I kept on going"; that he then *started through the intersection without again looking to his left*; that as he was proceeding through the intersection he saw for the first time the car of the defendant ". . . coming up on my left . . . coming through the intersection . . . almost on me"; that although he had unobstructed vision for a full city block south on Hawthorne Street,[1] the direction from which the Myers car was approaching, he did not see the Myers car until it was almost directly in

---

[1] Officer Pinkerton called by defendant testified that at the curb line there was vision to the left on Hawthorne Street of eighty to one hundred feet.

front of his truck and although he immediately applied the brakes he was unable to avoid the collision.

"The operator of a motor vehicle must, at all times, exercise reasonable care in the circumstances. He must have his car under such control that it can be stopped before doing injury to any person or thing in any situation reasonably apt to arise in the circumstances": *LeMara v. Adam,* 164 Pa. Superior Ct. 268, 273, 63 A. 2d 497. The court below aptly observed that Daugherty ". . . did not continue to look for approaching traffic from his left or, if he did, failed to see what was plainly visible"; and properly concluded that he convicted himself, by his own testimony, of contributory negligence as a matter of law. He cannot be heard to say that he looked but failed to see that which was actually and obviously present, and which could have been seen by an operator in the exercise of reasonable care and prudence. It has often been stated that "a driver who enters a street intersection without looking for vehicles proceeding on the cross street, or who looks but proceeds directly into the path of a rapidly approaching vehicle, is contributorily negligent as a matter of law. At an intersection, a driver must not only look for cross traffic but must continue to look as he crosses in order to avoid a possible collision: Toyer v. Hilleman, 320 Pa. 417; Shapiro v. Grabosky, 320 Pa. 556; Stevens v. Allcutt, 320 Pa. 585; Altmyer v. Spear & Co., 124 Pa. Superior Ct. 9": *Jaski v. West Park Daily Cleaners and Dyers, Inc.,* 334 Pa. 12, 14, 5 A. 2d 105.

As stated in *Webb v. Hess,* 335 Pa. 401, 402, 6 A. 2d 829: "Appellant might have assumed that, since he had the statutory right of way, a car coming from his left would yield to that right; but he could not blindly rely on that technical rule of the road. He was under a duty to the approaching car to act with the care of a reasonable man under all the circumstances." The testimony of the plaintiff was not contradictory on the

question of his negligence, and, as there was no doubt on that subject, it was not for the jury to resolve it. Cf. *Cronmuller v. Evening Telegraph*, 232 Pa. 14, 17, 81 A. 58; *Shields v. Neff*, 133 Pa. Superior Ct. 289, 294, 2 A. 2d 622. Daugherty's failure to look to his left or to see an approaching car, if he had looked, is inexplicable on any ground but negligence.

Judgment affirmed.