Favazzo *v.* Phila. Transportation Co., Appellant.

Argued March 20, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

434

*Bernard J. Smolens,* with him *Jay B. Leopold,* for appellant.

*J. H. Wood, Jr.,* with him *John B. Martin, Henry T. Reath* and *Duane, Morris & Heckscher,* for appellees.

OPINION BY GUNTHER, J., July 19, 1951:

Appellees instituted this action in trespass to recover for property damage to their truck sustained when a trolley car of the Philadelphia Transportation Company, appellant, collided with the right side of the truck as it was entering upon appellant's trolley tracks. A jury rendered a verdict in favor of appellees in amount of $505.14. The traction company now appeals from the dismissal of its motion for judgment n.o.v.

Appellant contends that (1) plaintiff failed to produce any evidence from which appellant's negligence could be inferred; and (2) appellees are contributorily negligent as a matter of law.

On the question of appellant's negligence, it will serve no useful purpose to discuss that issue, for assuming for present purposes there was evidence from which a jury would be warranted in finding that appellant's trolley car was operated in a negligent manner, we are all of the opinion that appellees have so clearly convicted themselves of contributory negligence

that the court below should have entered judgment for the appellant notwithstanding the verdict.

Appellees' truck was parked pointing in a northerly direction on the west side of Ninth Street, a one-way street, approximately 120 feet north of the right angle intersection of Ninth and Federal Streets, Philadelphia. At about 7:20 p.m. on January 4, 1946, Samuel Favazzo, together with his wife and sister, entered the cab of the truck, Samuel Favazzo sitting behind the wheel on the left-hand side next to the curb. The ladies sat to his right. He started the motor and received a signal from a pedestrian that it was clear to back up. Favazzo then backed up his truck a distance of ten to twelve feet, put his truck in low gear and turned the truck to his right and pulled away from the curb. He had no sooner pulled away when his truck was hit on the right side by appellant's trolley car proceeding north on Ninth Street on car tracks occupying the middle of the street. The car tracks proceed westwardly along Federal Street and turn right on to Ninth Street. The operator of appellees' truck testified that he made two observations prior to driving away from the curb. He testified: "A. I looked through my rear view mirror and I didn't see no trolley in sight", and "Q. Did you see any vehicle behind you? A. No, sir. Q. Was there anything behind you when you started to pull out? A. No, sir". It seems perfectly clear that although Samuel Favazzo testified he looked on two occasions, his observation was not that of a reasonable and prudent man. He cannot be heard to say that he looked but failed to see that which was actually and obviously present, and which could have been seen by an operator in the exercise of reasonable care and prudence. As was said in *Sharpe v. Phila. R. T. Co.*, 103 Pa. Superior Ct. 357, 361, 157 A. 370, ". . . it is vain for one to say that he looked, if, in spite of what his eyes must have told him, he drove directly in front of an approaching

car. A person is bound to see that which must have been plainly visible at the time it became his duty to look". Cf. *Leaman Transportation Corp. v. Philadelphia Transportation Co.*, 358 Pa. 625, 631, 57 A. 2d 889; *Favino v. Myers*, 164 Pa. Superior Ct. 445, 448, 65 A. 2d 689.

Inasmuch as the question of appellees' contributory negligence must be ruled in appellant's favor as a matter of law, it becomes unnecessary to consider other errors assigned.

Judgment reversed with directions that judgment n.o.v. be entered for appellant.