Martin *v.* Trans World Airlines, Inc., Appellant.

Argued April 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Daniel P. Stefko,* with him *Dickie, McCamey & Chilcote,* for appellant.

*Louis Vaira,* for appellee.

OPINION BY WATKINS, J., June 22, 1971:

This is an appeal by the Trans World Airlines, Inc., the defendant-appellant, from the Judgment of the Court of Common Pleas, Civil Division, of Allegheny County, entered on a verdict in favor of the plaintiff-appellee, Mary Martha Briney Martin, and against the defendant in the amount of $2,200; and from the dismissal of the defendant's exceptions by the Court en banc.

The plaintiff brought suit in assumpsit to recover from the defendant the sum of $2,200, the stipulated value of wearing apparel contained in a piece of luggage which was lost in transit on or about February 11, 1966, when the plaintiff was traveling on defend-

ant's airline from New York City to Pittsburgh. The case was tried before Silvestri, J., without a jury.

The plaintiff had checked her baggage at the East Side terminal at 42nd Street, New York City, and then proceeded to the airport. The agent of the defendant gave the plaintiff a baggage claim check which recited on its front: "Baggage checked subject to the tariffs including limitations of liability contained therein." A similar notice was also printed on the airline ticket.

In addition to the above notices, there were notices posted in bold-face type and prominently displayed in the baggage wells at the East Side terminal and at the airline ticket counter and also at the passenger boarding gates which bore the following notation:

"Tariff regulations limit airline liability for baggage to actual value not to exceed:

> Domestic—$250
> International—First Class—$495
> Economy Class—$330

unless higher valuation declared in advance and appropriate charges paid."

Similar signs were posted at the Pittsburgh airport in the baggage wells, at the ticket counter, and at boarding gates.

The plaintiff did not declare any valuation on any of her luggage. One bag was missing. She had testified that she didn't read the small print on her ticket and the baggage check, didn't see the posted signs, and had no knowledge of the limitations. She denied knowledge of the limitations, although in her profession as a singer, she started to fly in commercial planes in 1940. She made at least six trips between Pittsburgh and New York and return yearly since then. She also made flights to Cleveland and Chicago, and her evidence indicated she was a seasoned traveler.

The defendant contends that the verdict is against the weight of the evidence and contrary to law. We are in agreement with the defendant that the judgment must be reversed in that it exceeds the limit prescribed by the tariff.

The plaintiff's trip was interstate in character so that questions relating to limitations of liability of the carrier for loss of luggage checked by the passenger are subject to federal law. Under the Civil Aeronautics Act, an airline carrier may by tariff limit its liability and such tariff is valid even though loss of property is the result of the company's negligence. *Melnick v. National Air Lines,* 189 Pa. Superior Ct. 316, 150 A. 2d 566 (1959).

"The primary purpose of the Civil Aeronautics Act is to assure uniformity of rates of services to all persons using the facilities of air carriers." *Civil Aeronautics Act,* 52 Stat. 980, 49 U.S.C.A. §401 et seq., now found at 72 Stat. 741, 49 U.S.C.A. Supp. §1301 et seq. The tariff provisions are part of the contract, and it is the duty of the passenger to declare the higher valuation and pay the higher rate if he wished protection in excess of the limited amount. *American Express v. United States Horseshoe Company,* 244 U.S. 58 (1917).

In *Cray v. Pennsylvania Greyhound Lines,* 177 Pa. Superior Ct. 275, 110 A. 2d 892 (1955), we held that tariffs lawfully established by Act of Congress, including value limitations on luggage, have the effect of law and are binding on both passenger and carrier. In *Cray* at page 281, the Court said: "The requirement that a passenger must be offered a fair opportunity to choose between higher or lower liability before an interstate carrier can limit recovery for loss of baggage to an amount less than the actual loss sustained does not require that the passenger be actually informed that a choice of rates is available." And further, in *Cray,* at page 282: "In the instant case the appellant

had ample opportunity to discover there was a choice of rates available. The baggage check which she received made reference to the tariff regulations under which the baggage was carried. In addition, the appellee had signs posted in the bus terminal referring to the limitations of liability for checked baggage and advising how travelers could increase their protection. . . ." See, also, *Galveston, Harrisburg and San Antonio Railway Co. v. Woodbury,* 254 U.S. 357 (1920); *Rau v. Wilkes-Barre and Eastern Railroad Company,* 311 Pa. 510, 513, 167 Atl. 230 (1933); *Jackson and Perkins Company v. Mushroom Transportation Company,* 351 Pa. 583, 586; 25 A.L.R. 2d 352, 41 A. 2d 635 (1945).

The Court below disregarded the law and found her testimony that she did not read the print on the ticket and baggage check, and did not see the posted signs proved lack of notice to her, holding: "Insofar as defendant argues that plaintiff is bound by the contract of carriage printed on the transportation ticket, suffice it to say that whatever may have been the law and the rationale behind the law of such contracts twenty-five or fifty years ago has little application today with regard to air travel. People no longer employ this means of transit as an occasional luxury; air travel is now as much a necessity in our fast-moving society as is the automobile."

The contract of carriage is, of course, not contained on the notice on the ticket or baggage check but contained in the filed tariffs of the Civil Aeronautics Board as required by the Act of Congress. What the Court below said concerning the present use of air travel is quite true, and this makes tariff regulations limiting baggage valuation even more important than it was years ago. Unlimited liability or even common law liability for negligence would seriously affect the economic life of a transportation industry already subsidized by government to insure its healthy operation;

and although minimum values have at times been raised for obvious reasons, Congress has not seen fit to abrogate the power of the Civil Aeronautics Board to set limitations by tariff. Unlimited liability would be an open invitation to fraud.

*Lisi v. Alitalia—Linee Aeree Italiane,* S. p. A. 370 F. 2d 508 (1966), 390 U.S. 455 (1968), which indicates that notice to the traveler is essential to baggage limitation, is not applicable to the instant case. *Lisi* was a death claim under the Warsaw Treaty on a flight from Ireland to New York City. It is applicable only to cases involving international travel. The United States has been unhappy with the Warsaw Treaty for some time and has insisted on material changes which have been made. It should be noted that the United States courts have never permitted airlines to limit their liability with regard to injury and death actions on domestic flights. The Civil Aeronautics Board has always permitted limitations on baggage liability. Because of this difference it is nececssary that extra efforts must be used to make travelers aware of the unusual limitations under the Warsaw Treaty.

The District Court in *Lisi* held that notice under the Warsaw Treaty must be given to the traveler and held that the small print was insufficient. The Second Circuit Court, on appeal, held that under the Treaty tickets must be delivered to the traveler "in such a manner as to afford him a reasonable opportunity to take protection against the limited liability." The Supreme Court, on appeal, from a decision of the Second Circuit, supra, divided three to three.

In the recent case of *Mao v. Eastern Airlines, Inc.,* (D.C.N.Y. 310 F. Supp. 844 (1970), the Court held that since tariffs filed with Civil Aeronautics Board constitute the contract of carriage between airlines and their passengers and, if valid, conclusively and exclusively govern rights and liabilities between parties;

a passenger could not recover against air carrier for the negligent loss of jewelry exceeding value of tariffs, on grounds that limitations of liability in tariffs required to be filed by air carriers were binding on passengers and shippers whether or not limitations were embodied in the transportation documents, it further following that plaintiffs herein, as passengers on a domestic flight, were conclusively deemed to have had notice of the contents of the carrier's tariff and were consequently bound by its limitation as a matter of law.

Even if we were to hold that *Lisi* applies and notice on the baggage check and ticket was in too small print to bring notice home to the traveler, it would not dispose of the conspicuous signs in the baggage wells, ticket office, and the boarding gates, which not only gave notice of the filing of tariffs but advised of the right to file for a higher valuation. In addition, the record shows she was a seasoned traveler and had many opportunities to see the posted signs, and it is highly unlikely that she had no knowledge of the value limitation on luggage and her choice to pay a fee for higher valuation. A person may not be heard to say she did not see what should have been clearly visible to her. *Beck v. Stanley Company*, 355 Pa. 608, 50 A. 2d 306 (1947); "a person is bound to see that which is plainly visible at the time it becomes her duty to look." *Sharpe et al. v. Philadelphia R. T. Company*, 103 Pa. Superior Ct. 357, 157 Atl. 370 (1931).

This record had overwhelming evidence that such notice was given to this plaintiff, and the verdict was against the weight of the evidence.

Judgment reversed and judgment n.o.v. entered in favor of the plaintiff and against the defendant in the amount of $250, the amount as limited by the filed tariff.